(35 Misc. Rep. 164.)

### TILLEY et al. v. COYKENDALL.

(Supreme Court, Special Term, New York County. May, 1901.)

JUDGMENT AGAINST CORPORATION—ENFORCEMENT AGAINST STOCKHOLDER.

> Plaintiff recovered judgment against a corporation based on its negligence, on which judgment executions were issued, which were returned unsatisfied. *Held*, that plaintiff could not maintain a suit in equity against the person whom they alleged to be the sole owner of the stock, bonds, and other property of the corporation, and in sole possession thereof at the time of the negligence for which the judgment was recovered.

Action by James P. Tilley and others against Samuel D. Coykendall. Demurrer to complaint sustained.

Hyland & Zabriskie, for plaintiffs.

Amos Van Etten, for defendant.

SCOTT, J. The plaintiffs, on December 2, 1898, obtained judgment for damages for a tort against a corporation known as the "Beverwyck Towing Company," sued as the owner of a tugboat known as the "Syracuse." This judgment having been finally affirmed on appeal, executions were issued, which were returned unsatisfied. Plaintiffs now allege, in effect, that at the time of the commission of the tort, and at the time of the recovery of the judgment, "Samuel D. Coykendall was doing business under the name of the Beverwyck Towing Company, and was the sole owner of all its stock, bonds, vessels, and other property, having purchased and subsequently paid for the same with his own money; that he was in sole possession of all its vessels, operating the same for his own benefit and gain; that he did not pretend to keep up the corporate organization of said company by election of officers, directors, etc., and, indeed, could not have done so, as he alone owned all the stock,—in a word, he was the company." The foregoing statement of the status of the present defendant with reference to the towing company is taken from the plaintiffs' brief, and may, therefore, be accepted as accurately stating the plaintiffs' contention in that behalf. The plaintiffs further allege that the summons in the action against the towing company was served upon the defendant herein upon the supposition that he was the president of said company, and that he defended the action and prosecuted the appeals therein (although in the name of the Beverwyck Towing Company) by an attorney of his own selection. The purpose of this action, which is brought on the equity side of the court, is to charge the defendant personally with the payment of the judgment against the towing com-

pany. This relief is sought, not because the defendant is a stockholder, even the sole stockholder, of the towing company, nor upon the theory that the defendant holds the property of the company as trustee of the company for the benefit of its creditors, but solely upon the ground that he is, in fact, the company, or, in other words, the real owner of the towboat which did the damage, and the real employer of the servant whose negligence led to the accident. If this contention is true and sustained by the facts in the case, the plaintiffs had, and perhaps still have, a right of action at law against the defendant upon the same ground upon which they sued the company. The most that can be said is that they, by mistake or owing to misinformation, sued the wrong party. It is not apparent, however, that they are entitled to equitable relief. Reliance is placed upon cases which are authority for the proposition that a judgment or decree may, under certain circumstances, operate as res adjudicata against persons not formally parties to the record. Railroad Co. v. Schmidt, 177 U. S. 230, 20 Sup. Ct. 620, 44 L. Ed. 747; Baltimore & O. Tel. Co. v. Interstate Tel. Co., 4 C. C. A. 184, 54 Fed. 51. Neither of these cases, however, is authority for the maintenance of a suit in equity for the recovery of damages for tort. The one case was an action to reach specific funds, pledged to the payment of interest upon bonds, which funds, thus impressed with a lien, had come into the hands of the plaintiff in error. The other was a suit in the nature of a creditors' action, wherein it was sought to follow into the hands of the railroad company moneys which, in equity, were applicable to the debts of the telegraph company, taken by the railroad company with knowledge of the equitable claims thereon. 4 C. C. A. 184, 54 Fed. 55. As has been said, it is not contended in the present case that the defendant holds property of the towing company as trustee, either for it or its creditors, which ought to be applied to the payment of the company's debts, but the claim is that there was no company in fact, and that the defendant himself was the owner of the towboat, and the employer of the negligent servant. To maintain the action, therefore, the plaintiffs should have alleged, as they did in the action in the city court, negligence by defendant's servants in the handling of the tow. Possibly, in such a case, the judgment in the city court might have been used as conclusive evidence against the defendant upon the question of negligence on the part of his servants, and upon the question as to the amount of damages, if plaintiffs could show that defendant, although not a nominal party to the city court action, defended it by employing counsel, paying costs and expenses, procuring witnesses, and doing those things which are usually done by a party. The authorities on which plaintiffs rely, and many others which might be cited, go no further than this. But, even if the judgment could be used as evidence of a fact necessary to be proven in order to establish the defendant's liability, the complaint, to be sufficient, must allege the existence of the fact. This it fails to do. The demurrer must be sustained, with costs, with leave to plaintiffs to amend, on payment of costs, within 20 days.

Demurrer sustained, with costs, with leave to plaintiffs to amend, on payment of costs, within 20 days.